OPINION
{¶ 1} Lemanuel D. Booker III appeals from his conviction and sentence in Dayton Municipal Court on charges of hit-and-run and making an improper lane change. In his sole assignment of error, Booker contends his convictions are against the manifest weight of the evidence.
 {¶ 2} The record reflects that Booker and an individual named Kim Watts became engaged in an argument at a BP gas station in the early morning hours of December 31, 2003. The argument concerned Watts' allegation that Booker's car had bumped hers. Ultimately, they both left the gas station and traveled east on Germantown Street with Booker's car in front of Watts' vehicle. According to Watts, Booker repeatedly hit his brakes in an apparent effort to make her strike the rear of his car. Watts contends that she moved into the right lane to avoid contact with Booker's car. As she did so, Booker also moved into the right lane and struck the side of her vehicle. He then failed to stop and identify himself. Based on the foregoing version of events, the trial court convicted Booker on charges of hit-andrun and making an improper lane change. The trial court then sentenced him and stayed execution of the sentence pending appeal.
 {¶ 3} In his assignment of error, Booker argues that his convictions are against the manifest weight of the evidence. His full argument is as follows:
 {¶ 4} "Reviewing the entire testimony indicates that the State failed to prove its case beyond a reasonable doubt. There was no physical evidence presented showing that there was any contact between Mr. Booker's and Ms. Watts' cars. No photographs were taken of the alleged damage. The stories told by Ms. Watts and her daughter were inconsistent. There was no evidence that anybody examined Mr. Booker's car to see if there was any damage or evidence of contact with Ms. Watts' car."
 {¶ 5} Upon review, we do not agree that Booker's convictions are against the manifest weight of the evidence. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 6} A weight-of-the-evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Reese, Montgomery App. No. 20246, 2004-Ohio-6674. The credibility of the witnesses and the weight to be given to their testimony is a matter for the trier of fact to resolve. Id., citing State v. DeHass (1967), 10 Ohio St.2d 230. "`Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness.'" Id., quoting State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. Id., citing State v. Bradley (October 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 7} In the present case, Booker stresses the absence of physical evidence of a collision and the lack of an examination of his car. He also argues that Watts and her daughter, who was present during the incident, told inconsistent stories. These arguments fail to persuade us that Booker's convictions are against the weight of the evidence.
 {¶ 8} Watts and her daughter both testified about Booker changing lanes on Germantown Street and striking their vehicle. Although Booker contends their testimony was "inconsistent," he cites no specifics. Having reviewed the testimony, we find it largely consistent, particularly with regard to the collision at issue. A Dayton police officer also testified that he observed Watts' vehicle and saw damage, including scrapes down the side and a broken mirror.
 {¶ 9} For his part, Booker testified that after leaving the gas station, he was followed by Watts' vehicle and two men in a second car. Based on a conversation that he had overheard at the gas station, Booker feared that the two men were armed. As a result, he made several turns and sped away through an alley, thereby evading Watts and the two men. Booker testified that he never collided with Watts' vehicle on the road and only learned of the allegation after being contacted by Dayton police. We note, however, that the trial court expressly found Booker's testimony not credible.
 {¶ 10} After reviewing the record, weighing the evidence and all reasonable inferences, and considering witness credibility, we cannot say that, in resolving conflicts in the evidence, the trial court clearly lost its way and created a manifest miscarriage of justice. Accordingly, we overrule Booker's assignment of error and affirm the judgment of the Dayton Municipal Court.
Judgment affirmed.
Wolff, J., and Grady, J., concur.